UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBINSON CADET, SR. and
VANESSA CADET,

                       Plaintiffs,

         - against -

P.O. JOHN MILLER, Shield No. 0286,
P.O. JOSEPH GIACONE, Shield No. 2796,
P.O. KURT FARACZEK, Shield No. 1586,
P.O. NATALIE COPPOLA, Shield No. 2509
and THE COUNTY OF NASSAU,

                       Defendants.
------------------------------------------------------------X

05 CV 5042 (DRH)(WDW)

AMENDED COMPLAINT
AND JURY TRIAL
DEMAND

Plaintiffs, ROBINSON CADET, SR. and VANESSA CADET, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1.     This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

4.     Plaintiffs, invoking the pendent jurisdiction of this Court, also seek damages for false imprisonment; battery; intentional infliction of emotional distress; damage to property; and negligent screening, hiring, training, supervising and retaining of employees.

## VENUE

5.     Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.     Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

7.     At all times relevant hereto, plaintiff ROBINSON CADET, SR. was and is a natural person, resident in the Village of Valley Stream, County of Nassau, State of New York.

8.     At all times relevant hereto, plaintiff VANESSA CADET was and is a natural person, resident in the Village of Valley Stream, County of Nassau, State of New York.

9.     Plaintiffs are father and daughter.

10.    At all times relevant hereto, defendant P.O. KURT FARACZEK (hereinafter "FARACZEK") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

11.    At all times relevant hereto, defendant P.O. JOHN MILLER (hereinafter "MILLER") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

12.    At all times relevant hereto, defendant P.O. JOSEPH GIACONE (hereinafter "GIACONE") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

13.     At all times relevant hereto, defendant P.O. NATALIE COPPOLA (hereinafter "COPPOLA") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

14.     At all times relevant hereto, defendant COUNTY OF NASSAU was and is a municipal corporation comprising the inhabitants within its boundaries and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as may be imposed or conferred upon it by law.

15.     The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendant COUNTY OF NASSAU.

16.     On or about February 9, 2005, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Nassau County Attorney a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

17.     More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the County has neglected and refused to make payment of said claim.

18.     This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**<u>AGAINST THE INDIVIDUAL DEFENDANTS</u>**
**(42 U.S.C. §1983)**

19.     Plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20.   The plaintiffs are black.

21.   All of the individual defendants are white.

22.   On or about January 28, 2005, at approximately 12:40 P.M., plaintiff VANESSA CADET was alone on the second floor of the one-family house where she lives with her parents and her two siblings.

23.   The address of the aforementioned one-family house is 96 Carroll Avenue, Valley Stream, County of Nassau, State of New York.

24.   Plaintiff ROBINSON CADET, SR., at all times relevant hereto, was and is an owner of the aforementioned one-family house and of certain items of personal property therein.

25.   At the aforementioned time, plaintiff VANESSA CADET's siblings were at work and her parents were at a funeral parlor, arranging for the funeral of a relative.

26.   At the aforementioned time and place, plaintiff VANESSA CADET believed that she heard a door slam and that she then heard someone moving downstairs from where she was.

27.   Plaintiff VANESSA CADET twice called out, asking who was there.

28.   When plaintiff VANESSA CADET received no answer to her inquiries, she telephones 911 and requested that police officers be sent to her house.

29.   Plaintiff VANESSA CADET's telephone call was disconnected.

30.   The 911 operator immediately called back and asked plaintiff VANESSA CADET if she wanted police sent to the house.

31.   Plaintiff VANESSA CADET now told the operator that she would check the basement of her house first.

32.     After checking the basement and finding no one there, plaintiff VANESSA CADET returned to the telephone and informed the operator that there was no need to send police to the house.  Plaintiff VANESSA CADET then hung up the telephone.

33.     As plaintiff VANESSA CADET was ascending the stairway back to the second floor of her house, the doorbell rang.

34.     Plaintiff VANESSA CADET returned to the first floor and, looking out of one of the windows of the house, saw several of the individual defendants standing outside.

35.     Plaintiff VANESSA CADET opened the door to the defendants and informed them that she had told the 911 operator that everything was all right.

36.     Defendant GIACONE pushed his way into the house, demanding to know who was in the house besides plaintiff VANESSA CADET.

37.     Plaintiff VANESSA CADET informed him that there was no one else in the house besides herself.

38.     Defendant GIACONE asked plaintiff VANESSA CADET if she lived in the house.

39.     When plaintiff VANESSA CADET replied that she did indeed live there, defendant GIACONE replied that he did not know if she lived there and instructed defendant FARACZEK to handcuff her.

40.     Defendant FARACZEK commenced to rear-handcuff plaintiff VANESSA CADET.

41.     After the handcuffs were placed over her left wrist, plaintiff VANESSA CADET inquired as to why she was being handcuffed.

42.    By way of reply, defendant FARACZEK pushed plaintiff VANESSA CADET against the wall and cuffed her other wrist.

43.    The handcuff on plaintiff VANESSA CADET's left wrist was tightly placed over her wristwatch.

44.    Plaintiff VANESSA CADET informed defendants GIACONE and FARACZEK that she had a driver's license that would show them who she was and that she lived in the house.

45.    Defendant GIACONE replied to plaintiff VANESSA CADET that he did not care.

46.    Plaintiff VANESSA CADET informed defendants GIACONE and FARACZEK that they could call the cell phone numbers of her mother or her father so as to verify who she was and that she indeed lived in the house.

47.    One of the aforementioned defendants replied, "Shut up.  We don't have to call anybody."

48.    Another Nassau County Police Department motor vehicle arrived at the house.

49.    Defendants MILLER and COPPOLA exited this second patrol car, entered the house and searched it with their guns drawn.

50.    Plaintiff VANESSA CADET's brother and sister have their own separate rooms in the basement of the house.  Plaintiff VANESSA CADET's sister always locks her room when she leaves it for the day.

51.    Two of the defendant officers went into the basement, broke into plaintiff VANESSA CADET's sister's room and searched it.

52.   Two of the defendant officers, upon information and belief GIACONE and FARACZEK, searched plaintiff VANESSA CADET's room, including her clothing therein, and found her wallet in the pocket of one of her coats, which was hanging in her closet.

53.   In her wallet, they found plaintiff VANESSA CADET's driver's license.

54.   Plaintiff VANESSA CADET's driver's license was brought downstairs by one of the aforementioned defendant officers.

55.   Defendant MILLER examined plaintiff VANESSA CADET's driver's license, noted her age, and told her that, as she was sixteen years old, she could be charged as an adult.

56.   One of the individual defendants began looking through mail addressed to plaintiff VANESSA CADET's family and began questioning her about her parents and siblings.

57.   Plaintiff VANESSA CADET replied that she knew her rights and wanted an attorney.

58.   One of the individual defendants told plaintiff VANESSA CADET not to "smart mouth."

59.   Plaintiff VANESSA CADET, crying, asked the individual defendants to either call her parents themselves or to let her call.

60.   Both requests regarding telephone calls were refused.

61.   Twice while the individual defendants were in the house, the telephone rang.

62.   On each occasion defendant GIACONE picked up the telephone and answered, "Nassau County Police."

63.     When plaintiff VANESSA CADET inquired why defendant GIACONE was answering her parents' phone and answering it in such a manner, he informed her that the house was a crime scene.

64.     Defendant MILLER informed plaintiff VANESSA CADET that he was going to go to the high school she attended and inform the principal about her.  He stated that he believed that her record was probably a bad one.

65.     When plaintiff VANESSA CADET replied that she was an A-plus student and did not belong in handcuffs, several of the individual defendants, including defendant MILLER, laughed at her and mocked her.

66.     After remaining therein for approximately twenty-five minutes, the individual defendants, informing plaintiff VANESSA CADET that they would contact her parents, left the house.

67.     The individual defendants did not contact plaintiff VANESSA CADET's parents.

68.     When plaintiff ROBINSON CADET, SR. arrived home, approximately three hours after the individual defendants had left, he noticed that the house was in disarray, that usually closed cabinets had been opened, that two items in the kitchen had been broken and that a Mont Blanc pen that had been given to him on the occasion of his promotion to Captain in the New York City Department of Correction was missing.

69.     The individual defendants violated plaintiffs' right to due process of law, guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any probable cause or provocation whatsoever, entered the plaintiffs' home, conducted an illegal search

therein, falsely arrested plaintiff VANESSA CADET, and destroyed or purloined the plaintiffs' personal property.

70.     Because of the aforesaid unconstitutional and illegal acts committed by the individual defendants to this action, plaintiffs suffered a deprivation of the right to due process of law guaranteed to them by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, plaintiff VANESSA CADET was deprived of her liberty and suffered, and continues to suffer, serious and permanent physical and psychological injuries, and plaintiff ROBINSON CADET, SR. suffered the destruction and loss of items of personal property.

71.     By reason of the unconstitutional and illegal actions taken against them by the individual defendants, plaintiffs have been damaged in the amount of One Million ($1,000,000.00) Dollars and demand an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VANESSA CADET AGAINST DEFENDANTS GIACONE, FARACZEK and THE COUNTY OF NASSAU (Battery)**

72.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "71" hereinabove as if more fully set forth at length herein.

73.     On or about January 28, 2005, at approximately 12:40 P.M., at the premises located at 96 Carroll Avenue, Valley Stream, County of Nassau, State of New York, defendants GIACONE and FARACZEK, without probable cause therefor, offensively touched plaintiff VANESSA CADET by tightly and improperly handcuffing her.

74.     The aforesaid force used by defendants GIACONE and FARACZEK was not reasonable under the circumstances.

75.     At the aforesaid time and place, defendants GIACONE and FARACZEK were acting within the scope of their employment by defendant COUNTY OF NASSAU.

76.     By reason of the aforesaid battery committed against her by defendants GIACONE and FARACZEK while they were both acting in the course of their employment by defendant COUNTY OF NASSAU, plaintiff VANESSA CADET suffered, and continues to suffer, serious and permanent physical and emotional injuries.

77.     As a result of the battery committed upon her by defendants GIACONE and FARACZEK, while they were both acting in the course of their employment by defendant COUNTY OF NASSAU, plaintiff VANESSA CADET has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants GIACONE and FARACZEK.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF VANESSA CADET AGAINST DEFENDANTS GIACONE, FARACZEK and THE COUNTY OF NASSAU (False Arrest)

78.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "77" hereinabove as if more fully set forth at length herein.

79.     On or about January 28, 2005, at approximately 12:40 P.M., at the premises located at 96 Carroll Avenue, Valley Stream, County of Nassau, State of New York, defendants GIACONE and FARACZEK, without probable cause therefor, forcibly,

wrongfully and unlawfully arrested plaintiff VANESSA CADET and, against her own free will, held her prisoner in her own home for approximately twenty-five minutes.

80.     At the time they committed the aforesaid act of false arrest, defendants GIACONE and FARACZEK were acting within the scope of their employment by defendant COUNTY OF NASSAU.

81.     By reason of the aforesaid false arrest committed against her by defendants GIACONE and FARACZEK while they were both acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff VANESSA CADET suffered, and continues to suffer, serious and permanent physical and emotional injuries.

82.     As a result of the aforesaid false arrest committed against her by defendants GIACONE and FARACZEK, while they were both acting in the course of their employment by defendant COUNTY OF NASSAU, plaintiff VANESSA CADET has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants GIACONE and FARACZEK.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF VANESSA CADET
### AGAINST DEFENDANTS MILLER and THE COUNTY OF NASSAU
#### (Intentional Infliction of Emotional Distress)

83.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "82" hereinabove as if more fully set forth at length herein.

84.     On or about January 28, 2005, at approximately 12:40 P.M., at the premises located at 96 Carroll Avenue, Valley Stream, County of Nassau, State of New

York, defendant MILLER, while plaintiff VANESSA CADET was being held, rear-handcuffed, in her own home, willfully and maliciously, and with no legitimate law enforcement-related reason to do so, told the infant plaintiff that she was old enough to be charged as an adult and told her that he was going to visit her high school and inform the principal thereof of her allegedly criminal behavior.  Defendant MILLER further stated to plaintiff VANESSA CADET that he believed that her record in school was a bad one and, when informed by her that she was an A-plus student and did not belong in handcuffs, laughed at her and mocked her.

85.     At the aforesaid time and place, and while he was engaging in the aforementioned outrageous and unprovoked behavior toward plaintiff VANESSA CADET, defendant MILLER was acting within the scope of his employment by defendant COUNTY OF NASSAU.

86.     By reason of defendant MILLER's aforementioned intentional infliction of emotional distress upon plaintiff VANESSA CADET, while he was acting in the course of his employment by defendant COUNTY OF NASSAU, plaintiff VANESSA CADET suffered, and continues to suffer, serious and permanent emotional injury.

87.     As a result of the emotional distress intentionally inflicted upon her by defendant MILLER, while he was acting in the course of his employment by defendant COUNTY OF NASSAU, plaintiff VANESSA CADET has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant MILLER.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ROBINSON CADET, SR. AGAINST
### <u>THE INDIVIDUAL DEFENDANTS and THE COUNTY OF NASSAU</u>
### (Destruction of Property)

88.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "87" hereinabove as if more fully set forth at length herein.

89.     On or about January 28, 2005, at approximately 12:40 P.M., at the premises located at 96 Carroll Avenue, Valley Stream, County of Nassau, State of New York, one of more of the individual defendants engaged in an illegal search of the aforementioned premises.

90.     In the course of the aforementioned illegal search, and without any probable cause therefor whatsoever, one or more of the individual defendants destroyed items of personal property belonging to plaintiff ROBINSON CADET, SR. and caused the disappearance of an item of personal property having great value to him, namely a Mont Blanc pen that had been given to him upon the occasion of his promotion to the rank of Captain in the Department of Correction of the City of New York.

91.     At the aforesaid time and place, the individual defendants were acting within the scope of their employment by defendant COUNTY OF NASSAU.

92.     As a result of the aforementioned destruction of property, intentionally caused by one or more of the individual defendants, while they were acting in the course of their employment by defendant COUNTY OF NASSAU, plaintiff ROBINSON CADET, SR. has been damaged in the amount of Five Thousand ($5,000.00) Dollars

and demands an additional One Million ($1,000,000.00) Dollars as punitive damages
against the individual defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST THE COUNTY OF NASSAU
### (Negligence)

93.     Plaintiffs repeat, reiterate and reallege each and every allegation
contained in paragraphs "1" through "92" hereinabove as if more fully set forth at length
herein.

94.     On or about January 28, 2005, at approximately 12:40 P.M., at the
premises located at 96 Carroll Avenue, Valley Stream, County of Nassau, State of New
York, the individual defendants to this action, without any probable cause therefor
whatsoever, violated the civil rights of the plaintiff VANESSA CADET; forcibly,
wrongfully and unlawfully arrested her and, against her own free will, held her prisoner
in her own home for approximately twenty-five minutes; battered her; intentionally
inflicted emotional harm upon her and destroyed items of plaintiff ROBINSON CADET,
SR.'s property.

95.     At the aforesaid time and place, the individual defendants were acting
within the scope of their employment by defendant COUNTY OF NASSAU.

96.     The aforesaid wrongful acts committed by the individual defendants were
a direct result of the recklessness, carelessness and negligence of defendant COUNTY
OF NASSAU in screening, hiring, training, supervising and retaining the individual
defendants as employees of its Police Department.

97.     As a result of the aforementioned recklessness, carelessness and
negligence of defendant COUNTY OF NASSAU, and through no culpable conduct of

their own, plaintiffs have been damaged in the amount of One Million ($1,000,000.00)
Dollars.

WHEREFORE, plaintiffs, ROBINSON CADET, SR. and VANESSA CADET,
demand judgment against defendants, P.O. JOHN MILLER, Shield No. 0286, P.O.
JOSEPH GIACONE, Shield No. 2796, P.O. KURT FARACZEK, Shield No. 1586, P.O.
NATALIE COPPOLA, Shield No. 2509 and THE COUNTY OF NASSAU, as follows:

FIRST CAUSE OF ACTION:        One Million ($1,000,000.00) Dollars and an
additional One Million ($1,000,000.00) Dollars as punitive damages against the
individual defendants;

SECOND CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an
additional One Million ($1,000,000.00) Dollars as punitive damages against defendants
GIACONE and FARACZEK;

THIRD CAUSE OF ACTION:        One Million ($1,000,000.00) Dollars and an
additional One Million ($1,000,000.00) Dollars as punitive damages against defendants
GIACONE and FARACZEK;

FOURTH CAUSE OF ACTION:    One Million ($1,000,000.00) Dollars and an
additional One Million ($1,000,000.00) Dollars as punitive damages against defendant
MILLER;

FIFTH CAUSE OF ACTION:        Five Thousand ($5,000.00) Dollars and an
additional One Million ($1,000,000.00) Dollars as punitive damages against the
individual defendants;

SIXTH CAUSE OF ACTION:        One Million ($1,000,000.00) Dollars.

In addition, plaintiffs demand the costs and disbursements of this action,

including their attorney's fees, pursuant to 42 U.S.C. §1988.


Dated:  Kew Gardens, New York
         January 8, 2007

ALAN D. LEVINE, ESQ. (AL 3634)
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
(718) 793-6363
File No. 1987


TO:    LORNA B. GOODMAN, ESQ.
       Nassau County Attorney
       Attorney for Defendants
       1 West Street
       Mineola, New York 11501-4820
       (516) 571-0709