UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBINSON CADET, SR. and VANESSA
CADET,

                Plaintiffs,

  -against-

P.O. JOHN MILLER, Shield No. 0286,
P.O. JOSEPH GIACONE, Shield No. 2796
P.O. KURT FARACZEK, Shield No. 1586
P.O. NATALIE COPPOLA, Shield No. 2509
THE COUNTY OF NASSAU,

                Defendants.
-------------------------------------------------------X

**ORDER**
CV 05-5042 (DRH)(WDW)

Presently before the Court are objections by Plaintiff Vanessa Cadet ("Cadet" or "Plaintiff") to the Order of Magistrate Judge Wall, dated October 30, 2007 (the "Order"), denying Plaintiff's request for a protective order permitting redaction of certain portions of Cadet's psychological records . The objections are denied and Judge Wall's Order is affirmed.

**I. Standard of Review**

This Court reviews a Magistrate Judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Discovery matters generally are considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard

is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

## II. Discussion

This action arises out of an alleged incident that occurred on January 28, 2005. In the complaint, Cadet alleges a claim for intentional infliction of emotional distress stating she has suffered "serious and permanent emotional injury" and seeking one million dollars compensatory damages therefor. Damages in similar amounts are sought for the emotional injuries suffered by Cadet as a result of the violation of her rights under the Fourth and Fourteenth Amendments, battery and false arrest. As a result of the alleged incident, Cadet sought psychological treatment from a clinical psychologist.

Having put her emotional health at issue in this litigation, Plaintiff claims that any material that has no factual relation to the incident should be redacted, even though it is sufficiently proximate in time to that incident. According to Plaintiff, "the symptoms manifested by Ms. Cadet that clearly stem directly from the incident are very clearly delineated from those she seeks to keep confidential. It is difficult to discern any purpose for which the notes sought to be redacted could be used at trial . . . ." However, as Judge Wall aptly noted: "To the extent that somebody is claiming . . . psychological trauma . . . [that] opens the doors to the possibility that the defendant should be allowed to explore either alternate causes for such psychological trauma and other mental health damages, and also to rebut the claim for the amount of damages that the plaintiff might seek from a jury." Order at 6-7 (brackets and ellipses in original)(quoting *Cohen v. City of New York*, 2007 WL 2789272 at *5 (S.D.N.Y. Sept. 25, 2007). Given the

2

temporal proximity to the incident in question and their potential relatedness to her alleged emotional injury, Judge Wall's Order denying the protective order is correct.

Having reviewed the arguments of the parties, as well as the documents in question *in camera,* the Courts finds that Judge Wall's Order is neither clearly erroneous nor contrary to law. The objections are denied and Judge Wall's October 30, 2007 Order is affirmed.

**SO ORDERED.**

Dated: Central Islip, New York
December 7, 2007

/s/   Denis R. Hurley
Denis R. Hurley
Senior District Judge